**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Misty M. Zemeckis, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   11 C 701 |
| Global Credit Collection Corporation, a Delaware corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Misty M. Zemeckis, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Misty M. Zemeckis ("Zemeckis"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed to Capital One Bank.

1

4. Defendant, Global Credit & Collection Corporation ("Global"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Global was acting as a debt collector as to the debt it attempted to collect from Ms. Zemeckis.

5. Defendant Global is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Global conducts business in Illinois.

6. Defendant Global is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact. Global acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Defendant Global sent Ms. Zemeckis an initial form collection letter, dated March 29, 2010, demanding payment of a delinquent consumer debt owed to Capital One Bank. The letter demanded that Ms. Zemeckis "act now", and instructed her to "Call our office today… to make arrangements to resolve this matter…", and also repeatedly threatened legal action. A copy of this letter is attached as Exhibit C.

8. All of Defendant Global's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9. Defendant Global's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g –
Overshadowing And/Or Ineffectively Conveying
The 30-Day Validation Notice**

10. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it. Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, see, 15 U.S.C. § 1692(b).

11. Here, although Defendant Global's initial collection letter (Exhibit C) contains the notice required by § 1692g of the FDCPA, that notice was not effectively conveyed or rendered ineffective by other language in that letter. Specifically, Global's demands that a consumer "act now", and that they "Call our office today … to make arrangement to resolve this matter... ", coupled with its repeated threats of legal action would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating false sense of urgency. Defendant Global's form collection letter thus violates § 1692g of the FDCPA. See, Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); Bartlett v. Heibl, 128 F.3d 497, 501 (7th Cir. 1997); Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 519 (7th Cir. 1997); see also, § 1692g(b).

12. Defendant Global's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

13. Plaintiff, Misty M. Zemeckis, brings this action individually and as a class

action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Capital One Bank, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

14. Defendant Global regularly engages in debt collection, using the same form collection letter it sent Plaintiff Zemeckis, in its attempts to collect delinquent consumer debts from other persons.

15. The Class consists of more than 35 persons from whom Defendant Global attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Zemeckis.

16. Plaintiff Zemeckis' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

17. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or

impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

18. Plaintiff Zemeckis will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Zemeckis has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Misty M. Zemeckis, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Zemeckis as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violate the FDCPA;

4. Enter judgment in favor of Plaintiff Zemeckis and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Misty M. Zemeckis, individually and on behalf of all others similarly situated, demands trial by jury.

        Misty M. Zemeckis, individually and on
behalf of all others similarly situated,

By:/s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: January 31, 2010

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com