# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 701 | **DATE** | May 20, 2011 |
| **CASE TITLE** | *Zemeckis v. Global Credit and Collection Corp.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendant's motion to dismiss [14-1] is granted. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

■[ For further details see text below.]

00:00

## STATEMENT

The plaintiff received a letter from Global Credit Collection Corporation which, she alleges on behalf of herself and a putative class, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g, because it ineffectively conveyed or overshadowed the 30-day validation notice period required under the FDCPA. The defendant moves to dismiss the complaint for failure to state a claim, which the court grants.

**Facts**

The March 29, 2010, letter from Global Credit to the plaintiff states as follows:

> Dear Misty M. Zemeckis,
>
> Your delinquent account now meets Capital One Bank (USA), N.A.'s guidelines for legal action if it charges off.
>
> Your account has been placed with Global Credit & Collection Corp., a collection agency. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> Capital One Bank (USA), N.A. has not yet made a decision to file a lawsuit, there is still time for you to work with us in resolving this matter.
>
> If we cannot get this matter resolved soon and your account charges off, Capital One Bank (USA), N.A. may be forced to take legal action. This could result in a judgment against you. If Capital One Bank (USA), N.A., obtains a judgment against you, they can take whatever

actions they deem advisable to enforce it.  In addition, judgments are a matter of public record, and employers, landlords, and other creditors can check your credit and see that the judgment has been taken against you.

It is not too late to fix this situation.  We urge you to take action now.

Call our office today at 1-866-915-5207 to make arrangements to resolve this matter, if you cannot make your minimum payment, we can go over the options available to you.

Prior to any judgment, you will be notified and able to raise defenses.  Capital One (USA) N.A.'s remedies will be subject to applicable property exemptions.

Ms. Lamabe
1-866-915-5207

If you would like to make your payment directly to Capital One please visit
www.capitalone.com/solutions.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

The reverse side of the letter contains the following paragraph at the top:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, the office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment, if any, and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

WE ARE ACTING AS A DEBT COLLECTOR.  THIS LETTER IS AN ATTEMPT TO COLLECT THIS DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Various state law notices that are not relevant here were then listed.

**Analysis**

Title 15 § 1692g requires a debt collector, within 5 days of its first communication to a consumer, to provide the consumer with an effective validation notice notifying the consumer that it has 30 days after receipt of the notice to challenge the debt and require the collector to verify the debt.  That section also states that, if the debtor disputes the debt within the 30-day period, the collector must suspend all efforts to collect the debt until it has obtained verification of the debt and mailed it to the debtor.  15 U.S.C. § 1692g(b).  Finally, § 1692g(b) states that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

Whether the contents of a dunning letter are confusing or overshadow the validation notice rights provided in the FDCPA are evaluated using an "unsophisticated consumer" standard. The Seventh Circuit has stated that "the debt collector may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects fo the statute's solicitude." *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). The unsophisticated consumer is not a "dimwit." *Wahl v. Midland Credit Management Inc.*, 556 F.3d 643, 645 (7th Cir. 2009). "She may be uninformed, naive, and trusting . . . but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Id*. (internal citations, quotation marks and alterations omitted).

The defendant moves to dismiss for failure to state a claim contending that the letter, on its face, does not violate the FDCPA. While it is true that the determination of whether a letter is confusing to a consumer is generally a fact-based inquiry, "there will be occasions when a district court will be required to hold that no reasonable person, however unsophisticated, could construe the wording of the communication in a manner that will violate the statutory provision." *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 760 (7th Cir. 2006). Here, the plaintiff contends that certain statements in the letter overshadow or render ineffective the validation notice. In particular, the plaintiff alleges that "Global's demands that a consumer 'act now', and that they 'Call or office today . . . to make an arrangement to resolve the matter . . . ', coupled with its repeated threats of legal action would confuse anyone, let alone the unsophisticated consumer, as to what their validation rights were, by creating a false sense of urgency." Complaint at ¶11, Dkt. #1. The court disagrees and concludes that, as a matter of law, the above-described statements do not violate the FDCPA.

As the plaintiff notes, the Seventh Circuit has held in certain cases that demands for payment within a specific amount of time that is contrary to the 30-day validation period violate the FDCPA. *See, e.g.*, *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996); *Chauncey v. JDR Recovery Corporation*, 118 F.3d 516 (7th Cir. 1997). These cases, however, are distinguishable. In *Bartlett*, the defendant's letter instructed the debtor that "if you wish to resolve this matter before legal action is commenced, you must do one of two things within one week of the date of this letter": either pay the debt or contact the creditor to make arrangements to pay the debt. *Bartlett*, 128 F.3d at 499. The *Bartlett* court concluded that the statement violated the FDCPA because "[o]n the one hand, [the defendant's] letter tells the debtor that if he doesn't pay within a week he's going to be sued" and "[o]n the other hand, it tells him that he can contest the debt within thirty days." As a result "the net effect of the juxtaposition of the one-week and thirty-day crucial periods is to turn the required disclosure on its head." *Id*. at 501.

Similarly, in *Avila v. Rubin*, 84 F.3d 222 (7th Cir. 1996), the debt collector's letter included the required 30-day validation notice, which was immediately followed by the sentence: "If the above does not apply to you, we shall expect payment or arrangement for payment to be made within ten (10) days from the date of this letter." The *Avila* court concluded that "telling a debtor he has 30 days to dispute the debt and following that with a statement that '[i]f the above does not apply' you have ten days to pay up or real trouble will start is entirely inconsistent, and a failure to comply, with the FDCPA." *Id*. at 226.

Finally, in *Chauncey v. JDR Recovery Corporation*, 118 F.3d 516 (7th Cir. 1997), the first paragraph of the debt collector's letter stated that "[u]nless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made." *Id*. at 518. The next paragraph included the required 30-day validation notice stating that "[u]nless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid." The *Chauncey* court found that

"[t]he statement in the first paragraph of defendant's letter–"Unless we receive a check or money order for the balance, in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made"–contradicts the language in the letter explaining the plaintiff's validation rights under the FDCPA, which allows plaintiff 30 days in which to dispute the debt and request verification." *Id*. at 519.

Contrary to the these cases, Global Credit's letter did not impose any hard and fast deadlines that were in direct contradiction to or confusing when compared to the 30-day validation notice. Indeed, the Seventh Circuit has concluded that the purportedly offending terms used in Global Credit's letter, such as "we urge you to take action now" and "call our office today", are mere puffery. *Taylor v. Calvary Investment, L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004) ("'Act now to satisfy your debt' is in the nature of puffing, in the sense of rhetoric designed to create a mood rather than convey concrete information or misinformation ("Buy Now!" "Best Deal Ever!" "We Will Not Be Undersold!") as it is perfectly obvious to even the dimmest debtor that the debt collector would *very* much like him to pay the amount demanded straight off, sparing the debt collector any further expense.") (emphasis in original) (citations omitted). The *Taylor* court expressly rejected Taylor's contention that the statement "act now to satisfy your debt" caused confusion as to the debtor's rights with respect to the 30-day validation period.

The plaintiff's attempt to distinguish *Taylor* on the ground that in that case, the 30-day validation notice was in the next paragraph, versus on the back side of the letter as is the case here, is unpersuasive. The letter by Global Credit admonishes the plaintiff in capital letters to "see reverse side for important information." That the 30-day validation notice is on the opposite side of the letter does not render puffing language unlawful. *See Sims v. GC Services L.P.*, 445 F.3d 959, 964 (7th Cir. 2006) (stating that based on such a notice "even unsophisticated consumers would turn the letter over to see the information on the back").

Nor does the fact that the letter contains statements regarding possible legal action alter this court's conclusion. The letter makes the following statements regarding possible legal action:

> Capital One Bank (USA), N.A. has not yet made a decision to file a lawsuit, there is still time for you to work with us in resolving this matter.
>
> If we cannot get this matter resolved soon and your account charges off, Capital One Bank (USA), N.A. may be forced to take legal action. This could result in a judgment against you. If Capital One Bank (USA), N.A., obtains a judgment against you, they can take whatever actions they deem advisable to enforce it. In addition, judgments are a matter of public record, and employers, landlords, and other creditors can check your credit and see that the judgment has been taken against you.
>
> . . .
>
> Prior to any judgment, you will be notified and able to raise defenses. Capital One (USA) N.A.'s remedies will be subject to applicable property exemptions.

These statements merely notify the plaintiff that legal action could be instituted against her if she does not pay the debt. Taken individually or together with the assertions that she "take action now" and "call the office today," the statements discussing potential legal action do not confuse the debtor or overshadow the

| STATEMENT |
|---|

30-day notice.[1]  *See, e.g., Sims*, 445 F.3d at 965 ("The statement that the collection agency would continue with collection efforts until the matter is handled does not obscure the debtor's statutory entitlement to a 30-day period in which to dispute the debt.").

As to the plaintiff's assertion that she is entitled to present extrinsic evidence of confusion in the form of a consumer survey, the court does not agree. As noted above, the Seventh Circuit has specifically stated that there are instances in which it can be determined that a debt collection letter does not violate the FDCPA on its face. *McMillan,* 455 F.3d at 760. Given the Seventh Circuit's holdings in *Taylor* and *Sims*, the court concludes as a matter of law that the letter sent to the plaintiff does not violate the FDCPA, and therefore, in the interests of justice, a consumer survey is unnecessary in this case.

The motion to dismiss [14-1] is granted. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

RH/p

---

1. The court notes that the plaintiff does not argue that the language regarding legal action violates § 1962e(5), which prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."